UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ASHLEY THOMAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:22-cv-02679-JTF-tmp |
| | ) |
| PPG INDUSTRIES, INC., | ) |
| PPG COATINGS SERVICES – METOKOTE, | ) |
| METOKOTE CORPORATION, and | ) |
| JOHN DOE, | ) |
| | ) |
|     Defendants. | ) |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

Before the Court is Plaintiff Ashley Thomas's Motion to Remand, filed on October 13, 2022. (ECF No. 8.) Defendants (hereinafter "PPG") filed a Response in Opposition on October 21, 2022. (ECF No. 10.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Remand.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The present case involves a dispute over a workplace accident that occurred in Shelby County, Tennessee. (ECF No. 1.) Thomas initially filed her case in Shelby County Circuit Court. (*Id.*)

In the complaint, Thomas alleges that on or around April 21, 2022, she was employed by "Ranstad," an employment agency located in Memphis, Tennessee providing temporary workers to other businesses. (ECF No. 6, 3.) Thomas was assigned to work for Defendant PPG Industries,

Inc.[1] (*Id.*) While working in the facility at 4569 Distriplex Drive W, Memphis, TN 38118, Thomas suffered injuries after equipment she was using at a workstation broke. (ECF No. 6, 3.) It appears this break or malfunction was caused, at least in part, by a John Doe employee of PPG. (*Id.* at 4.) As a result, Thomas states that she was seriously injured and suffers from the following ailments:

> Plaintiff has suffered and will continue suffer as a result of the negligence of Defendant(s), among other things, finger(s), hand, severe pain, head pain, seizures, neck injury(ies), tendon/muscle injury(ies), physical suffering(ies), injury(ies) to her upper torso, back, neck, arm(s), hip(s), leg(s), ankle(s), lumbar spine, face, elbow(s), head, neck, contusion(s) and abrasion(s), fear, mental anguish, loss of enjoyment of life, lost wages, lost income and out of pocket expenses.

(*Id.* at 5.) Thomas seeks to recover "compensatory damages in such amount as may appear fair and reasonable to the trier of fact and/or to the maximum extent permissible under applicable law and/or $70,000 (SEVENTY THOUSAND DOLLARS)." (*Id.* at 6.)

PPG filed a Notice of Removal on October 5, 2022. (ECF No. 1.) Thomas then filed the present Motion to Remand on October 13, 2022. (ECF No. 8.) In the Motion, Thomas argues only that the present case does not exceed the amount in controversy requirement for diversity jurisdiction in federal court. (*Id.* at 3-4.) PPG filed a Response on October 21, 2022, arguing that Thomas has arbitrarily attempted to plead around the amount in controversy requirement and that the Court should exercise diversity jurisdiction. (ECF No. 10.)

## II.   LEGAL STANDARD

Title 28 U.S.C. § 1446(a) provides that "[a] defendant desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal[.]". Defendants may remove "any civil

---

[1] Thomas listed three corporations as defendants to the lawsuit: PPG Industries, Inc., PPG Coatings Services – MetoKote, and MetoKote Corporation. According to the defendants, PPG Coatings Services – MetoKote is merely a trade name and not a legal entity. (ECF No. 10, 1 n.1.) The Defendants further state that Thomas was a temporary work assigned to work at "Defendant MetoKote Corporation's Memphis, Tennessee facility[.]" (*Id.*) The exact legal relationship between all of these entities is unknown at this time; the Court uses "PPG" to refer to Defendants for convenience.

action brought in a State court of which the district courts of the Untied States have original jurisdiction[.]" 28 U.S.C. § 1441(a). In relevant part, District Courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where the parties are "citizens of different States[.]" 28 U.S.C. § 1332(a). The defendant "removing a case has the burden of proving the diversity jurisdiction requirements." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The general rule in diversity cases is "that the amount claimed by a plaintiff in his complaint determines the amount in controversy." *Heyman v. Lincoln National Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019) (quoting *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000)). However, where a state rule "might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages, exceeding the amount prayed for[,]" such as in Tennessee, "the removing defendant must show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement.'"[2] *Rogers*, 230 F.3d at 871 (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). The "more likely than not" test is a "preponderance-of-the-evidence test," which "'does not place upon the defendant the daunting burden of proving, *to a legal certainty*, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Heyman*, 781 F. App'x at 470 (quoting *Gafford*, 997 F.2d at 159.)

### III. LEGAL ANALYSIS

Thomas makes one argument in favor of remand. She states that "Plaintiff's plead damages, at the time of Defendants' removal, [. . .] do not meet the amount in controversy jurisdiction for Federal Court." (ECF No. 8, 3.) She argues that she only "pleads damages, at this time, in the sum

---

[2] Tennessee Rule of Civil Procedure 54.04 allows that "every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief* in the party's pleadings." (emphasis added.)

3

of $70,000.00," despite not waiving "the opportunity to increase said *ad adamnum*." (*Id.*) PPG disagrees, arguing that Tennessee Rule of Civil Procedure 54.03, along with the Complaint's wording, make clear that the amount in controversy is over $75,000.

The Court agrees with PPG. Even by its own terms, Thomas's complaint does not merely ask for $70,000, it asks for "compensatory damages in such amount as may appear fair and reasonable to the trier of fact and/or to the maximum extent permissible under applicable law and/or $70,000[.]" This is in line with Tennessee Rule of Civil Procedure 54.04, which states that all judgments shall "grant relief to which the party in whose favor it is rendered is entitled" regardless of any specific amount requested. Further, as PPG points out, "the maximum extent permissible" under Tennessee law for noneconomic damages is $750,000, while there is no maximum amount for economic damages. Tenn. Code Ann. § 29-39-102(a)(1)-(2). Thomas seeks both. (ECF No. 6, 5) (seeking recovery for injuries, "fear, mental anguish, loss of enjoyment, of life," as well as "lost wages, lost income and out of pocket expenses.")

Thomas points to her request for $70,000 as somehow exclusive of her other requests. But the question is not whether the plaintiff states an amount below $75,000, it is whether PPG can show that it is more likely than not that the plaintiff's claims exceed $75,000.[3] *See Rogers*, 230 F.3d at 871. They have done so. The complaint explicitly seeks more than $70,000 given its request for the maximum amount of damages under the law. The complaint also lists massive economic and noneconomic injuries, including seizures, head injuries, damages to most of Thomas's body, lost wages, emotional distress, and loss of opportunity. The defense, relying on a "fair reading of the allegations set forth in the complaint," has drawn the "reasonable inference[] based on the

---

[3] This analysis is especially relevant here, where the $70,000 is the only number provided, but is itself listed in the alternative to much higher, less-specific damages requests. The amount in controversy requirement is not designed to be plead around.

nature and extent of damages requested" that the total amount would exceed $70,000. *Texas Roadhouse, Inc. v. Hook*, No. 3:13-CV-1170-CRS, 2014 WL 2155268, at *1 (W.D. Ky. May 22, 2014) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001)). Compounding this, Thomas's brief makes clear that she is not waiving the right to amend the complaint and ask for more than $70,000 at some unspecified point in the future. (ECF No. 8, 3.) Where specific damage requests have limited the Court's jurisdiction, it is typically where the plaintiff has agreed or stipulated that they will not seek to amend or recover any damages over the amount in controversy requirement. *See, e.g., Turnpike Gin, LLC v. Penn Millers Ins. Co.*, No. 14-1321, 2015 WL 13188355, at *1 (W.D. Tenn. Jan. 13, 2015) (only remanding where the plaintiffs stipulated that they would not aim to collect any amount over $75,000 even if a judgment over that amount were rendered). The preponderance of the evidence suggests that Thomas's claim exceeds the amount in controversy requirement.

Other cases involving similar situations support the Court's finding. In *Heyman*, the Sixth Circuit found that requesting damages "not to exceed $75,000" was insufficient to establish that the amount in controversy requirement was not met, due to Kentucky state rules that allowed for liberal amendment of complaints. 781 F. App'x at 470. The same is true here. Thomas is explicitly reserving her right to amend her complaint and ask for more damages at some undefined point in the future. In *Anderson v. Mid-Continent Aircraft Corp.*, this Court noted that a request for damages "not to exceed seventy thousand dollars" was "insufficient to preclude removal" due to Tennessee Rule of Civil Procedure 54.03, and instead looked at the actual value of the claims and damages alleged. No. 14-2888, 2015 WL 13188357, at *2 (W.D. Tenn. Apr. 6, 2015). Thomas disputes that *Anderson* is relevant, due to it involving breach of contract and statutory claims, but the type of claim was not central to *Anderson*'s analysis. The contract and statutory penalties

5

merely provided a pool of potential damages that the Court added up. When compared to the above cases, Thomas's requests are even less limited. She requests the maximum amount of damages under the law, which is at least $750,000, a further amount "as may appear fair and reasonable to the trier of fact," and finally a concrete amount of damages only $5,000 less than the jurisdictional requirement. (ECF No. 6, 6.) Given the extreme injuries listed, the total amount of these requests would almost certainly be over $75,000 were Thomas successful on the merits.

In sum, the Court finds that PPG has adequately shown that the amount in controversy in the present case is more likely than not greater than $75,000. Accordingly, Thomas's Motion to Remand is **DENIED**.

**IT IS SO ORDERED** this 1st day of February, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
